UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 3:07-cr-162 |
| v. | ) | |
| | ) | |
| | ) | |
| JAMES D. JONES, | ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT ORDER AND JUDGMENT OF FORFEITURE

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 18 U.S.C. §3665, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c): Bank of Granite Account Number xxxx0968 in the name of James D. Jones.

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described property;

3. upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and

43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
Steven R. Kaufman
Assistant United States Attorney


_____
James D. Jones
Defendant


_____
Mary Leazer Rogers, Esq.
Attorney for Defendant

Signed this the 16th day of April 2008.

_____
THE HONORABLE CARL HORN, III
UNITED STATES MAGISTRATE JUDGE